UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Michelle Bryant, | ) | Crim. No.: | 4:18-cr-00437-RBH-1 |
| | ) | Civ. No.: | 4:19-cv-02692-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Michelle Bryant's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 74. The Government has filed a motion for summary judgment. *See* ECF No. 89. The Court denies Petitioner's motion and grants the Government's motion for the reasons herein.[1]

**Background**

In April 2018, a federal grand jury indicted Petitioner on six counts of intentionally conveying false and misleading information, in violation of 18 U.S.C. § 1038(a)(1)(A), alleging she made false bomb threats to an airport and a hotel. *See* ECF No. 4. Petitioner was represented by Assistant Federal Public Defenders Mark McLawhorn and Casey Riddle; Mr. McLawhorn represented her when she pled guilty, and Ms. Riddle represented her at sentencing and on appeal. *See* ECF Nos. 19, 41, 43, 44, 55,

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

1

63, & 72. The Court refers to Mr. McLawhorn as "plea counsel" and to Ms. Riddle as "sentencing counsel."

In October 2018, Petitioner pled guilty without a written plea agreement to the first three counts in the indictment. *See* ECF Nos. 41, 43, & 69. In February 2019, the Court sentenced her to twenty-four months' imprisonment. *See* ECF Nos. 55, 56, & 70. Petitioner (represented by Ms. Riddle) filed a direct appeal, and the Fourth Circuit affirmed her convictions and sentence. *See* ECF Nos. 63 & 72; *see also United States v. Bryant*, 775 F. App'x 117 (4th Cir. 2019). The Fourth Circuit issued its mandate on September 13, 2019. *See* ECF No. 73.

On September 18, 2019,[2] Petitioner filed the instant § 2255 motion. *See* ECF No. 74. Thereafter, Mr. McLawhorn and Ms. Riddle filed affidavits addressing their representation of Petitioner. *See* ECF Nos. 85 & 87. The Government filed a response in opposition to Petitioner's motion and a motion for summary judgment. *See* ECF No. 89. Petitioner filed a response in opposition to the Government's motion. *See* ECF No. 92.

## **Legal Standard**

A prisoner in federal custody may attack the validity of her sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

2

the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

**Discussion**

Petitioner alleges her counsel were constitutionally ineffective. Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient and fell below an

3

objective standard of reasonableness. *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner's first two grounds relate to the guilty plea, and her third ground to the sentence.

**I.  Grounds Relating to Guilty Plea**

Petitioner alleges plea counsel was ineffective by (1) allowing her to plead guilty without a plea agreement and telling her she should expect to get probation, and by (2) failing to file a motion to suppress. *See* ECF No. 74 at pp. 3–5; *see also* ECF No. 92.

At the October 22, 2018 plea hearing, Petitioner testified that she was completely satisfied with plea counsel's services, advice, and representation; *that counsel had done everything she felt he should or could have done*; *that there was nothing else she had wanted him to do before the hearing*; that she had no complaint about him; that she was not being forced, threatened, or pressured to plead guilty; that she had not been promised anything for her guilty plea; that she understood each charge to which she was pleading guilty carried up to five years' imprisonment; *that she understood there was not a plea agreement; that nobody had promised her a particular sentence*; *that the sentence to be imposed by the Court could differ from any estimate given by her attorney;* and that she was in fact guilty of the offenses and wanted to plead guilty. *See* ECF No. 69 at pp. 12–13, 15–19, 21, 43, 48–49, 52. Consequently, the contrary allegations in Petitioner's § 2255 motion are subject to summary dismissal as "palpably incredible" and "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is

conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Moreover, regarding Petitioner's allegation that plea counsel told her she should expect to get probation, she cannot demonstrate *Strickland* prejudice for two reasons. First, she does *not* allege that, had counsel informed her that she could serve a prison sentence, she would have pleaded not guilty and gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (holding the petitioner could not show *Strickland* prejudice for a similar reason). Second, the Court informed her of the correct sentencing exposure—up to five years' imprisonment for each count—during the Rule 11 colloquy. *See United States v. Woodson*, 422 F. App'x 295, 297 (4th Cir. 2011) (recognizing a defendant cannot show *Strickland* prejudice if the court correctly advised her of the sentencing exposure (citing *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc)); *United States v. Weymouth*, 256 F. App'x 645, 650 (4th Cir. 2007) (same).

Finally, regarding her claim that counsel failed to file a motion to suppress, this claim is barred by *Tollett v. Henderson*, wherein the Supreme Court held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.[3]

411 U.S. 258, 267 (1973); *see, e.g.*, *Marsh v. United States*, 2015 WL 2450593, at *4 (M.D.N.C. May 22, 2015) ("The argument that Petitioner's attorney was ineffective in failing to file a motion to

---

[3] "[A] person complaining of such antecedent constitutional violations is limited in a federal habeas corpus proceeding to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (internal quotation marks and citation omitted)).

suppress is precluded by his guilty plea under the rule in *Tollett*." (brackets omitted) (collecting cases)).

For the above reasons, Petitioner's two grounds relating to her guilty plea fail.

## II. Ground Relating to Sentence

Petitioner alleges sentencing counsel was ineffective for failing to object to the two-year prison sentence as unreasonable. *See* ECF No. 74 at p. 6; *see also* ECF Nos. 74-1 & 92.

"Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal quotation marks and brackets omitted). To establish prejudice in the sentencing context, a defendant must demonstrate a reasonable probability that she would have received a more favorable sentence had counsel made the relevant objection. *See United States v. Rangel*, 781 F.3d 736, 746 (4th Cir. 2015); *United States v. Mayfield*, 320 F. App'x 190, 191 (4th Cir. 2009).

Petitioner cannot satisfy either *Strickland* prong. First, sentencing counsel was not deficient because (1) she moved for a downward variance to a probationary sentence by citing Petitioner's acceptance of responsibility, remorse, lack of criminal history, and stable lifestyle, *see* ECF No. 70 at pp. 5–11, and (2) counsel filed an appellate brief *specifically questioning "whether Bryant's 24-month sentence is reasonable." Bryant*, 775 F. App'x at 117 (emphasis added). Second, Petitioner cannot demonstrate *Strickland* prejudice because (1) the Court considered and rejected sentencing counsel's request for a probationary sentence (i.e., a more favorable sentence), *see* ECF No. 70 at p. 13–16, and (2) *the Fourth Circuit concluded Petitioner "has not rebutted the presumption of reasonableness*

6

*attached to her sentence."* Bryant, 775 F. App'x at 118 (emphasis added).[4] Thus, Petitioner's sentencing-related claim fails.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

The Court **GRANTS** the Government's Motion for Summary Judgment [ECF No. 89] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 74]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[4] As for Petitioner's contention that the twenty-four-month sentence was unreasonable, she cannot relitigate this issue "under the guise of collateral attack" because it was decided on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Of course, Petitioner's ineffective assistance claim was not decided on direct appeal, and therefore it "cannot be dismissed wholesale based on *Boeckenhapt*." *United States v. Parker*, 103 F.3d 122, 1996 WL 721834, at *1 (4th Cir. 1996) (unpublished table decision).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
February 21, 2020  R. Bryan Harwell
  Chief United States District Judge